UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
THE McGRAW-HILL COMPANIES, INC.,       :
                                       :    05 Civ. 2127 (JSR)
            Plaintiff,                 :
                                       :         ORDER
       -v-                             :
                                       :
INGENIUM TECHNOLOGIES CORPORATION,     :
                                       :
            Defendant.                 x
----------------------------------------

JED S. RAKOFF, U.S.D.J.

     Before the Court are plaintiff's motion for a preliminary injunction and defendant's motion to dismiss. Both motions are denied, and the temporary restraining order ("TRO") that was previously imposed is now lifted, but the denial of the motion for preliminary injunction is without prejudice to its being renewed, subject to certain conditions. A memorandum order will separately issue in due course stating the reasons for the denial of defendant's motion to dismiss. The discussion that follows is meant to provide the parties some guidance in tailoring further preliminary injunctive requests.

     By way of background, on April 6, 2005, the Court imposed the TRO prohibiting defendant and its agents from communicating with any United States customers of the McGraw-Hill Construction Network's Premium service regarding the upcoming termination of the contract between defendant and plaintiff on June 30, 2005 or regarding its supposed consequences. See Memorandum Order,

4/6/05. On April 11, the Court heard oral arguments on plaintiff's motion for a preliminary injunction and defendant's motion to dismiss. While the TRO was originally scheduled to expire at 5 p.m. on April 11, it was, on consent of defendant, extended until 5 p.m. on April 15. In the interim, the Court permitted both parties to supplement the record, and both have done so with extensive submissions. Upon review of these submissions, as well as the similarly voluminous submissions previously made, two things are clear.

<u>First</u>, plaintiff's motion is not a motion that can be decided without an evidentiary hearing at which both sides have an opportunity to cross-examine each other's witnesses. Because "essential facts are in dispute" regarding critical elements of the requested relief, the Court is obligated to make findings of fact, albeit for these preliminary purposes, see <u>Visual Sciences, Inc. v. Integrated Communications, Inc.</u>, 660 F.2d 56, 58 (2d Cir. 1981). The Court will not do so by "showing a preference for one piece of paper to another," <u>Dopp v. Franklin Nat'l Bank</u>, 461 F.2d 873, 879 (2d Cir. 1972) (internal quotations omitted). It appears to the Court that, at a minimum, the following highly material facts remain genuinely in dispute: (1) the extent to which each party has a protected interest in the Premium customer base; (2) which party was at fault in the failure of the 2004 Memorandum of

2

Understanding to lead to a buy-out of defendant's assets; (3) the nature of each party's contributions to Premium and any other relevant services; and (4) the extent to which Premium is inextricable from the McGraw-Hill Construction Network.

Second, even if all these issues were resolved in plaintiff's favor, such would not support the relief presently requested by plaintiff, which, in the form stated by plaintiff, is hopelessly overbroad and fails to meaningfully inform defendant of what conduct it can or cannot engage in. Thus, plaintiff's request for an order broadly barring the defendant from "infringing MHC's copyrights in certain computer programs and related materials," "violating MHC's trademark and other rights under the Lanham Act," "changing the 'look and feel' of MHC's internet-based information service known as the 'Premium' service," or "interfering with the MHC's contracts and prospective economic advantage by inducing the subscribers of the Premium service to either breach or not renew their Service Agreements with MHC," see Plaintiff's Memorandum in Support of its Motion for a Preliminary Injunction and Expedited Discovery at 1, is unsupportable in its failure to afford fair notice. This problem of vagueness and overbreadth is made even more serious by the fact that the injunction is sought in a suit for declaratory judgment, so that defendant can in large part only guess as to what behavior

3

do so, provided that (a) it states the relief it seeks with particularity; and (b) it is prepared to proceed expeditiously to an evidentiary hearing on, at least, the four issues referenced above. If plaintiff so wishes to proceed, counsel for both sides should jointly call chambers at 5 p.m. on Wednesday, April 20, 2005, to set an appropriate schedule.

Accordingly, for the foregoing reasons, defendant's motion to dismiss is denied, with opinion to follow; plaintiff's motion for a preliminary injunction is denied, without prejudice to a new motion for preliminary relief being submitted in accordance with the above guidelines; and the TRO is hereby lifted.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
April 15, 2005